IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GINO MATTEI,

    Petitioner,

v.

JEAN HILL,

    Respondent.

Civil No. 04-1060-BR

OPINION AND ORDER

**PATRICK J. EHLERS**
**THOMAS J. HESTER**
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner

**HARDY MYERS**
Attorney General
**DOUGLAS Y.S. PARK**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

On July 13, 2000, Petitioner entered an *Alford* plea to seven counts of Burglary in the First Degree, two counts of Rape in the Third Degree, one count of Felon in Possession of a Firearm, one count of Unauthorized Use of a Motor Vehicle, and two counts of Theft in the First Degree.[1] On August 16, 2000, the trial judge sentenced Petitioner to 25 months of imprisonment on the Felon in Possession of a Firearm conviction, concurrent 18-month terms of imprisonment on each of the Rape convictions, and consecutive 31-month terms of imprisonment on each of the Burglary convictions, for a total of 235 months of imprisonment.

Petitioner filed a direct appeal, but before briefing he moved to dismiss. The Oregon Court of Appeals granted Petitioner's motion.

Petitioner then sought state post-conviction relief ("PCR")

---

[1] An *Alford* plea is a guilty plea in which the defendant does not admit commission of the criminal act or does not assert that he is innocent. In such a situation, the trial court must determine that there is a factual basis for the plea. *North Carolina v. Alford,* 400 U.S. 25 (1970).

2 - OPINION AND ORDER -

alleging ineffective assistance of counsel in violation of the right to counsel guaranteed by the 6th and 14th Amendments of the United States Constitution.  During plea negotiations in the trial court, Petitioner was represented by two attorneys, Herbert G. Evans for the felony charges, and Dove L. Gutman for the misdemeanor charges.  Petitioner's allegations of ineffective assistance were specific to Mr. Evans representation. Following an evidentiary hearing, the PCR trial judge denied relief.

Petitioner appealed to the Oregon Court of Appeals. Petitioner's PCR appellate counsel filed a *Balfour* brief consisting solely of Part A.[2]  Petitioner did not supplement the brief with any assignments of error as provided for in the *Balfour* process.  The Oregon Court of Appeals affirmed, without opinion.  190 Or. App. 582 (2003).  Petitioner twice moved for reconsideration, alleging his failure to supplement the appellate brief was due to mis-communication with his attorney.  The Court of Appeals denied Petitioner's motions.  Petitioner did not seek review by the Oregon Supreme Court.

On July 29, 2004, Petitioner filed his Petition for Writ of

---

[2]Upon concluding that only frivolous issues exist on appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct.  Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

3 - OPINION AND ORDER -

Habeas Corpus in this Court, alleging ineffective assistance of counsel.  Respondent argues Petitioner has procedurally defaulted his claims by failing to present them to the state's highest court.  Petitioner contends his alleged procedural default should be excused because the *Balfour* appellate process did not afford constitutionally adequate appellate review.

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.  *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Fairly presenting claims means giving the state courts "a fair opportunity" to act on them.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted.  *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  Similarly, if a federal constitutional

4 - OPINION AND ORDER -

claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. *Coleman*, 501 U.S. at 729-30; *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir.), *cert. denied*, 124 S.Ct. 105 (2003).

Habeas review of procedurally defaulted claims is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. "'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas v. Levis,* 945 F.2d 1119, 1123 (9th Cir. 1991); *McClesky v. Zant,* 499 U.S. 467, 493-94 (1991)("[t]he cause standard requires the Petitioner to show that some objective factor external to the defense impeded counsel's efforts' to raise the claim."). Demonstrating that the failure to consider the claims will result in a miscarriage of justice is reserved for exceptional circumstances, requires a threshold showing of actual innocence, and does not apply to the facts of this case. *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Here, Petitioner did not present his claims to the Oregon Supreme Court, and he is now barred from doing so. *See* Or. Rev. Stat. §138.050. As such Petitioner procedurally defaulted his

5 - OPINION AND ORDER -

claims.

As noted, Petitioner argues the procedural default of his post-conviction claims should be excused because the *Balfour* process used in his post-conviction appeal is unconstitutional. The Ninth Circuit, however, rejected this very argument in *Ellis v. Armenakis,* 222 F.3d 627, 632-33 (2000).

In *Ellis,* the petitioner challenged his criminal conviction in Oregon state courts.  After exhausting his claims on direct appeal, the petitioner proceeded with his claim of ineffective assistance of counsel in post-conviction proceedings, as required by Oregon law.  On appeal from the denial of PCR relief, the petitioner's attorney filed a *Balfour* brief.  As in this case, the petitioner did not seek review with the Oregon Supreme Court. The petitioner in *Ellis* then filed a federal habeas petition challenging the constitutionality of the *Balfour* process as "cause" to excuse his procedural default.  The District Court dismissed the petition and, on appeal, the Ninth Circuit affirmed.  The Court explained that to entertain petitioner's challenge to *Balfour's* constitutionality, petitioner first had to show his Sixth Amendment right to counsel had been violated.  A federal habeas court can only review state convictions for constitutional error.  *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).  Since it is established that the constitutionally

6 - OPINION AND ORDER -

protected right to counsel does not extend to post-conviction proceedings, *Coleman v. Thompson,* 501 U.S. 722, 752-54 (1991); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974), petitioner could not make the requisite showing.  For the same reason, Petitioner, here, fails to show a violation of his Sixth Amendment right to counsel, and the constitutionality of *Balfour* cannot be considered.

Petitioner argues that the right to counsel should be extended to Oregon's post-conviction system because Oregon requires ineffective assistance of counsel claims be raised for the first time in post-conviction proceedings.  The Ninth Circuit explicitly rejected this argument in *Ellis* as well.  *Ellis,* 222 F.3d at 633 (citing *Bonin v. Vasquez,* 999 F.2d 425, 429 (9th Cir. 1993)(no constitutional right to counsel during state habeas proceedings even if it was the first forum in which a defendant could claim ineffectiveness of counsel).  The Ninth Circuit went on to say that even if a right to counsel existed for post-conviction review, it was difficult "to comprehend petitioner's argument that the *Balfour* process caused the procedural default." *Id.*  In the instant proceeding, this Court finds it similarly difficult to make the connection between *Balfour's* alleged defects and Petitioner's failure to file a petition for review with the Oregon Supreme Court.  Accordingly, Petitioner did not

7 - OPINION AND ORDER -

show cause and prejudice to excuse his procedural default, and habeas review is barred.

## **CONCLUSION**

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus, and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this __26th__ day of September, 2006.

                                          __/s/ Anna J. Brown__
                                          ANNA J. BROWN
                                          United States District Judge